**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **B.B.**

**No. 21-0623** (Kanawha County 20-JA-561)

**MEMORANDUM DECISION**

Petitioner Father R.B., by counsel Jason S. Lord, appeals the Circuit Court of Kanawha County's July 7, 2021, order terminating his parental rights to B.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Katherine A. Campbell, filed a response in support of the circuit court's order. The guardian ad litem, J. Rudy Martin, filed a response on behalf of the child also in support of the circuit court's order.[2] On appeal, petitioner argues that the circuit court erred in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2020, the DHHR filed a child abuse and neglect petition against petitioner and the mother based upon allegations of the mother's alcohol abuse as well as domestic violence such as petitioner smashing televisions and fighting with the mother. Following referrals of the mother being found unconscious while the children were in her care, Child Protective Services ("CPS") workers intervened in August and September of 2020, and the mother attended alcohol abuse treatment. During her interview, the mother admitted that law enforcement officers had been to the home twice regarding domestic violence incidents with petitioner and stated that petitioner lacked appropriate housing as he lived in a motel. On October 19, 2020, law enforcement officers

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]J. Rudy Martin was substituted as counsel in place of Elizabeth G. Kavitz.

found the mother unconscious and the children unable to wake her.[3] A worker interviewed the mother's health care provider, who opined that the mother suffered from alcohol-induced psychosis as the mother admitted to hearing and seeing things that were not real. At the preliminary hearing, the court ordered the DHHR to provide petitioner with remedial and reunification services such as parenting and adult life skills classes, domestic violence classes, random drug screens, and bus passes. In November of 2020, the DHHR filed an amended petition alleging that petitioner's parental rights to another child were previously involuntarily terminated.

The circuit court held an adjudicatory hearing in February of 2021 and, after hearing testimony, adjudicated petitioner as an abusing parent, specifically relying on then-eight-year-old B.B. and another child's statements that they witnessed domestic violence between petitioner and the mother.

In June of 2021, the circuit court held a dispositional hearing. The ongoing CPS worker testified that the DHHR recommended that petitioner's parental rights be terminated. The CPS worker testified that petitioner was required to submit to random drug screens and participate in supervised visitation, adult life skills and parenting classes, and domestic violence classes. Although petitioner participated in drug screening, the worker stated that petitioner continued to test positive for marijuana. As such, petitioner was never granted supervised visits with B.B. Also, the worker stated that petitioner attended only three parenting and adult life skills classes and, therefore, was not compliant with services. The provider testified that petitioner attended only two parenting classes before he refused to meet with her, citing that her services were "inadequate," so he was transferred to another provider for those classes. The provider also explained that petitioner refused to attend domestic violence classes with her, and the court ordered him to seek out his own domestic violence counseling.

Petitioner testified that he did not complete classes due to communication issues with his assigned CPS worker and service providers, especially regarding scheduling with his unstable work schedule. Petitioner testified that he was living with a friend but had full-time employment, which conflicted with his ability to participate in classes. Petitioner also admitted to using marijuana and stated that he needed it like medicine. However, petitioner explained that the amount of tetrahydrocannabinol in his drug screens had been decreasing.

After hearing testimony, the circuit court found that petitioner continued to use marijuana despite knowing that his drug use would preclude supervised visits with B.B. and that he was non-complaint with court-ordered services. The court further noted that petitioner lacked suitable housing. Accordingly, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that he could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Petitioner appeals the circuit court's July 7, 2021, dispositional order terminating his parental rights.[4]

---

[3]The mother's other child is not at issue in this appeal.

[4]The mother's parental rights were also terminated below. The permanency plan for the child is adoption by a foster family.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights. According to petitioner, he needed more time to show that he would comply with services. He testified at the dispositional hearing that he had met with the parenting and adult life skills provider at least three times, including the previous day. Petitioner further testified that his initial troubles with attending those classes were due to the uncertainty of his work schedule and inability to turn down hours. Petitioner contends that he submitted to numerous drug screens throughout the proceedings and only tested positive for marijuana, a substance that he could quit using in a "reasonable time frame." As such, petitioner argues, he should have been permitted more time to comply with services.[5]

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d)(3) provides that a circuit court may find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as

---

[5]Petitioner appears to argue that the circuit court erred in failing to grant him an improvement period, which would have given him "more time," while also conceding that he never moved for an improvement period. We note that "[a] circuit court may not grant a post-adjudicatory improvement period under W. Va. Code § 49-4-610(2) (eff. 2015) unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021WL 5355634 (2021). As there was no such motion filed, the circuit court could not have erred in failing to grant petitioner an improvement period. Accordingly, petitioner is entitled to no relief in this regard.

3

evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

The record establishes that petitioner failed to follow through with services designed to reduce or prevent the abuse or neglect of the child. While petitioner participated in some services for a portion of the proceedings below, he knowingly continued to use marijuana and, thus, failed to exercise supervised visitations. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Petitioner testified that he needed the marijuana and knew that his use would preclude visitation and, consequently, reunification. Petitioner downplays the severity of his marijuana use by stating that he could have quit using it in a "reasonable time frame" but fails to explain why he did not cease use during the eight months of proceedings.

Further, petitioner admitted during his testimony at the dispositional hearing that he did not complete parenting or adult life skills classes or domestic violence classes and that he had not attained appropriate housing for the child as he was living with a friend. Accordingly, the circuit court found that petitioner failed to prioritize visits with the child and was otherwise non-compliant with services. Under these circumstances, there was sufficient support for the circuit court's determination that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future.

To the extent petitioner argues that he should have been given more time to comply with services, we have previously held that "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4, in part (citation omitted). Further, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on the foregoing, it is clear that petitioner failed to remedy the conditions of abuse and neglect and, thus, termination of his parental rights was not erroneous.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 7, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: March 9, 2022


**CONCURRED IN BY**:


Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment